[No. 26329.   Department One.   April 1, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN C.
MULCARE *et al.*, *Appellants.*[1]

*Philip Tworoger* and *Andrew L. Ulvestad,* for appellants.

*B. Gray Warner* and *Grant G. Calhoun* (*Harry Bowen,* of counsel), for respondent.

[1]Reported in 66 P. (2d) 360.

Steinert, C. J.—The appellants herein were charged, as defendants, by information, with the crime of attempted robbery committed on April 13, 1936, and, upon a trial by jury, were found guilty. A motion in arrest of judgment having been denied, judgment was entered sentencing each of the defendants to the penitentiary for a term of not more than twenty years.

Upon this appeal, there are two assignments of error. The first assignment challenges the constitutionality of chapter 114, Laws of 1935, p. 308, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.*, which became effective prior to the commission of the offense by appellants, and under the provisions of which they were sentenced.

The act, according to its title, relates to provisions for the adequate punishment of persons convicted of certain felonies, their rehabilitation while in confinement, and the necessary supervision after their release, to prevent recidivism.

Section 1 of the act, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31], creates a board of prison, terms and paroles to administer the provisions of the act, with functions, powers and duties as set forth in subsequent sections.

Section 2 of the act, Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32], provides that, with respect to certain felonies, the court shall sentence the convicted person to the penitentiary, and shall fix the maximum term only, such maximum term to be the maximum provided by law for the particular crime, or, if no maximum term be provided by law, then to be fixed by the court, which maximum term may be for any number of years up to and including life imprisonment, *but not less than twenty years.*

It will be observed that the statute does not em-

power the court to fix minimum terms. Instead, the act subsequently provides that, after the admission of the convicted person to the penitentiary, the board shall obtain from the sentencing judge and the prosecuting attorney statements of all the facts concerning the particular crime committed and any other information of which they may be possessed relative to such convicted person; further, that it shall be the duty of the sentencing judge and prosecuting attorney not only to furnish such information, but also to indicate to the board, for its guidance, what, in their judgment, should be the duration of such convicted person's imprisonment. The act further provides that, within six months after the admission of the convicted person to the penitentiary, the board shall fix the duration of his or her confinement, the term in no event to exceed the maximum provided by law or fixed by the court. The act also imposes upon the board, in certain cases not pertinent to our present consideration, other specific limitations in fixing the duration of confinement.

Rem. Rev. Stat., § 2418 [P. C. § 9116], passed in 1909, defines the crime of robbery and fixes the punishment for such offense at imprisonment in the penitentiary for not less than five years, but does not prescribe a maximum term. Rem. Rev. Stat., § 2264 [P. C. § 8699], also passed in 1909, fixes the penalty for an attempt to commit a crime, other than such as are punishable by death or life imprisonment, at imprisonment for not more than half the longest term or a fine of not more than half the largest sum, or both, permissible upon conviction for commission of the completed offense.

Appellants' contention is that the 1935 act is unconstitutional in that it deprives the court of a part of its judicial powers, contrary to Art. IV, § 1, of the

constitution, which vests the judicial power of the state in the courts. The argument is that the fixing of the term of imprisonment is a judicial power which can not be conferred upon, nor exercised by, an administrative body such as the board of prison, terms and paroles; further, that the act demotes the judiciary into a mere advisory personality and elevates a lay board to the position of a judicial tribunal.

Acts generally similar to the 1935 act above mentioned have been enacted in many states of the Union, and have successfully withstood attacks based upon various grounds, including those suggested by the appellants here.

The legislative authority of the state is vested in the legislature, subject to the initiative and referendum. Constitution, Art. II, § 1, as amended by Amendment 7. Fixing of penalties or punishments for criminal offenses is a legislative function, and the power of the legislature in that respect is plenary and subject only to constitutional provisions against excessive fines and cruel and inhuman punishment. *State v. Duff,* 144 Iowa 142, 122 N. W. 829, 24 L. R. A. (N.S.) 625; 138 Am. St. 269; *Cave v. Haynes,* 268 N. W. (Iowa) 39; *Mutart v. Pratt,* 51 Utah 246, 170 Pac. 67; 8 R. C. L. 257, § 264.

It is the function of the judicial branch of the government to determine the guilt of persons charged with crimes and to impose the sentence provided by law for the crime of which a particular individual has been found guilty. But the execution of the sentence and the application of the various provisions for the mitigation of punishment and the reformation of the offender are administrative in character and are properly exercised by an administrative body, according to the manner prescribed by the legislature. *In re Lee,* 177 Cal. 690, 171 Pac. 958; *People*

*v. Hale,* 64 Cal. App. 523, 222 Pac. 148; *Mutart v. Pratt,* 51 Utah 246, 170 Pac. 67; *State ex rel. Kelly v. Wolfer,* 119 Minn. 368, 138 N. W. 315, Ann. Cas. 1914A, 1248, 42 L. R. A. (N.S.) 978; *State v. Dugan,* 84 N. J. L. 603, 609, 89 Atl. 691, 694; *Johnson v. State,* 169 Ga. 814, 152 S. E. 76.

Since the legislature has the power to fix the term of imprisonment, and inasmuch as the courts and all other proper officials are required to carry out the legislative mandate to the extent of their authority, there is no encroachment upon, nor assumption of, judicial power by the board when it follows the rules and methods prescribed by the 1935 act, nor does that act violate any constitutional right of the appellants.

"Inasmuch as a legislature may fix a definite and certain term of imprisonment for any particular crime, and this without placing any discretion in the hands of the court whose duty it is to carry out the legislative mandate, it must necessarily follow that an indeterminate sentence statute violates no constitutional right of the defendant, and violates no constitutional guaranty of the state in providing that a prisoner convicted of crime shall be sentenced to the penitentiary for a period not exceeding the maximum statutory penalty for the crime." 8 R. C. L. 261, § 270.

We hold that the act above referred to is not unconstitutional.

■ Under their second assignment of error, appellants contend that, since Rem. Rev. Stat., § 2418, *supra,* provides that the penalty for robbery shall be imprisonment for *not less* than five years, and since Rem. Rev. Stat., § 2264, *supra,* fixes the penalty for an attempt to commit a crime at one-half the penalty for the completed offense, therefore the court could do no more than to sentence appellants to a term of *not more* than two and one-half years.

When the two sections just mentioned are read and compared, the error of appellants' computation is obvious. Section 2418 prescribes a *minimum* term, but no maximum. Section 2264 provides a penalty of not more than one-half the *maximum* for the completed offense. Appellants, however, seek to fix a maximum by taking one-half the minimum. Had the robbery been consummated, the court could have fixed the maximum term at forty years, and upon that basis had the right to fix the maximum for the attempted act at one-half thereof, namely, twenty years, which would be in accordance with the sentence actually imposed.

But wholly aside from what has just been said, § 2, p. 309, of the 1935 act, Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32], specifically provides that, when no maximum is provided by law, the court shall fix it at any number of years up to and including life imprisonment, but in no event less than twenty years. This section applies to felonies, including that of robbery, and consequently that of attempted robbery. The statute being constitutional and valid, and its terms clear and plain, it was without the power of the court to fix the maximum at less than twenty years.

When the legislative authority has clearly spoken, the courts have only to enforce the statute. *State ex rel. Scaggs v. Superior Court,* 169 Wash. 292, 13 P. (2d) 1086. The effect of the court's judgment, taken in connection with the statute, is that both the maximum and minimum terms are fixed at twenty years.

The judgment is affirmed.

MILLARD, MAIN, BLAKE, and GERAGHTY, JJ., concur.