## Ex parte BEHRENS.

### No. 122.

District Court, E. D. Washington, S. D.

May 4, 1944.

H. E. Foster, of Seattle, Wash., for petitioner.

Smith Troy, Atty. Gen., and George Downer, Asst. Atty. Gen., for respondent.

SCHWELLENBACH, District Judge.

Petitioner seeks a writ of habeas corpus in order to secure release from the state penitentiary. He attacks the state indeterminate sentence law, Rem.Rev.Stat. Supp. § 10249—1 et seq., as an unconstitutional delegation of judicial power. This contention is without merit. Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582; Sims v. Rives, 66 App.D.C. 24, 84 F.2d 871, 879, certiorari denied 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402; State v. Mulcare, 189 Wash. 625, 66 P.2d 360. Petitioner also asserts that his twenty-year sentence on count two of the information by which he was charged is void. This for the reason that the statute under which he was sentenced did not become effective until after the date on which the crime of which he was convicted was alleged to have been committed. Assuming arguendo the correctness of this contention, it avails petitioner nothing here. His sentence to life imprisonment on count one is valid. Therefore, his incarceration is lawful. Habeas corpus is intended to reach the wrongfulness of detention. It does not lie to test the sufficiency of one sentence where the petitioner is being held on another valid sentence. Holiday v. Johnston, 313 U.S. 342, 347, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

Petitioner also attacks the sentences under which he is serving because the sentencing judge used the words "Parole Board" instead of the words "Board of Prison, Terms and Paroles" as it is designated by the statute, Ch. 114, Laws of Washington, 1935. No doubt petitioner is correct in this criticism. However the use of such erroneous wording does not present a case of such "special" or "exceptional" character as would justify a United States District Court in entertaining jurisdiction. Mason v. Webb, 142 F.2d 584.

The writ will be denied.