[No. 44876.   En Banc.   March 16, 1978.]

*In the Matter of the Welfare of*
ROBERT WILLIAM LOWE.

*Slade Gorton, Attorney General,* and *Thomas W. Hayton, Assistant,* for appellant.

*Andrew C. Braff, Prosecuting Attorney,* for respondent.

HICKS, J.—In this case, the Washington State Department of Social and Health Services (department) challenges the authority of the Stevens County Juvenile Court to impose specific requirements on the department in the treatment of a juvenile committed to its care. The court,

after determining a 14–year–old who had shot and killed his stepgrandmother to be a delinquent, committed him to the care of the department and included in its order these specific requirements:

4. That the said minor shall be held at Cascadia and is not to be transferred from Cascadia without prior approval of this court.

5. That parole of the said minor shall not be considered without prior approval of this court.

6. That the said minor shall not be placed in an open setting without prior approval of this court.

Department moved for reconsideration of that order, contending that the court had exceeded its authority. The court denied the motion and it is from that denial which the department appeals. We remand for modification of the juvenile court's order.

A review of the relevant statutory provisions reveals an ambiguity as to the juvenile court's authority to enter the kind of order in question here. For example, department is specifically authorized to establish and *administer* institutional treatment programs for persons committed to its care. RCW 72.05.130. Additionally, RCW 13.04.095 says in part, "[a] child committed to the department of institutions shall be subject to the supervision and control thereof and the department shall have the power to parole such child under such conditions as may be prescribed."

On the other hand, the juvenile court has broad power to make whatever orders are required for the child's welfare, RCW 13.04.095; to revoke or modify its orders of commitment, temporary or permanent, 13.04.100; to make changes in the custody or care of the child, 13.04.110; to modify or set aside any order it has made in the case of a delinquent child, 13.04.150; and, in proper circumstances, to modify or set aside the department's decision on placement or transfer, 13.04.220.

Citing the principle of construction that specific statutes control general statutes (*Knowles v. Holly,* 82 Wn.2d 694, 702, 513 P.2d 18 (1973)), department argues that while the

court has general supervisory control of juveniles in treatment programs, statutes specifically dealing with institutional confinement give supervisory authority to department. We are referred particularly to RCW 13.04.190 and .095, which vest power in the department to make institutional placement decisions and to parole and discharge juveniles.

Additionally, department notes that RCW 13.04.190, .210 and .220 provide for after–the–fact court review of department's decisions regarding placement and transfer of juveniles. Department contends that in providing for this limited review, the legislature must have rejected broader juvenile court participation in such decisions, since the express mention of one thing implies the exclusion of another. *Knowles v. Holly, supra* at 701.

Finally, department argues that the judicial power asserted by Stevens County is inconsistent with the scheme of administrative autonomy which is pervasive in the supervision of institutionalized persons. The execution and mitigation of criminal sanctions are administrative in character and are properly exercised by administrative bodies. *State v. Mulcare,* 189 Wash. 625, 66 P.2d 360 (1937). In the case of an adult, upon entry of a final judgment and sentence of imprisonment, legal authority over the accused passes by operation of law to the Division of Adult Corrections of the Department of Social and Health Services and the Board of Prison Terms and Paroles. *January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969). The same concept has been applied to civil commitment institution administration. *State ex rel. Dep't of Fin., Budget & Business v. Thurston County,* 199 Wash. 398, 92 P.2d 234 (1939). The department contends that in the light of the pervasive notion of institutional administrative autonomy articulated by the legislature and construed by this court over the

years, the legislature would have explicitly stated a different rule to apply in the treatment of juveniles if that was intended.

We believe the resolution of this matter falls somewhere between the position of department and the order of the juvenile court. Despite department's argument concerning institutional administrative autonomy, the statutory scheme for treatment of juveniles does not comport with that of the treatment of adults convicted of a felony. On the other hand, though the statute gives broad powers to the juvenile court, the provisions which place supervisory power in the department over institutionalized juveniles preclude the kind of judicial control utilized here.

We hold that when the juvenile court commits a juvenile to the care and custody of department, its authority over that juvenile is thereafter limited to the following: the juvenile court may (1) revoke or modify its order of commitment, RCW 13.04.095, .100, .110, .150; or (2) upon proper petition and hearing, modify or set aside department's decision on placement or transfer of the juvenile, RCW 13.04.190, .210 and .220. Inherent in these provisions is the power of the juvenile court to require notice in advance of department's action in areas the court deems important.

Thus, the juvenile court in committing a juvenile to the department may not prescribe requirements that must be followed by department, except that it may direct that it receive notice in advance of specified action by department. In this case, the court might properly have required notice of the intended placement decision.

We do not wish to suggest that the several juvenile courts of the state make a common practice of requiring notice from department for changes in the care of every juvenile committed. It would seem that this procedure might well be reserved for special cases.

This case is remanded for proceeding in conformance with this opinion.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.