*In the Matter of the Welfare of*
BILLY JOE GAKIN.

*In the Matter of the Welfare of*
JONATHAN KEVIN BROOKS.

*Slade Gorton, Attorney General,* and *Stephen J. Hosch, Assistant,* for appellant.

*Rogovy & Rogovy, Frederick D. Rogovy, Norm Maleng, Prosecuting Attorney,* and *Jay Reich, Deputy,* for respondent.

FARRIS, J.—Common issues led to the consolidation of these two proceedings for hearing on appeal. Dr. Harlan McNutt and Dr. Viola Van Patter were each charged with contempt for failing to obey an order of commitment.[1] It is argued that the court exceeded its authority in requiring placement of Jonathan Kevin Brooks and Billy Joe Gakin, juveniles, in a specific mental health facility and erred in holding state officials in contempt for failure to comply with its orders.

After dependency hearings, the trial court entered findings of fact, conclusions of law and an order declaring Brooks and Gakin dependent children and ordering them committed to the Child Study and Treatment Center, Western State Hospital, as voluntary patients. The Brooks order also provided that if Brooks was not received for treatment at the center, Dr. Harlan McNutt, secretary of the Department of Social and Health Services, and Dr. Viola Van Patter, director of the center, should appear to show cause why they should not be cited for contempt. At subsequent contempt proceedings, it was shown that there presently was not any space in the center and the contempt charge against Dr. Van Patter was dismissed. The court found, however, that the Department had funds to pay for alternative treatment and because this had not been done, held Dr. McNutt in contempt.

---

[1] Dr. Van Patter was charged with contempt only in Brooks.

■■■ RCW 13.04.095(5) defines the power of the court to commit a delinquent or dependent child to the Department of Social and Health Services.[2] The Supreme Court considered that statute (subsequent to the commencement of this action) in *In re Lowe*, 89 Wn.2d 824, 827, 576 P.2d 65 (1978) and held

> that when the juvenile court commits a juvenile to the care and custody of department, its authority over that juvenile' is thereafter limited to the following: the juvenile court may (1) revoke or modify its order of commitment, RCW 13.04.095, .100, .110, .150; or (2) upon proper petition and hearing, modify or set aside department's decision on placement or transfer of the juvenile, RCW 13.04.190, .210 and .220. Inherent in these provisions is the power of the juvenile court to require notice in advance of department's action in areas the court deems important.

While Lowe arose from a delinquency proceeding, the opinion does not limit its application to delinquents. It applies to either a delinquent or a dependent child. We therefore conclude that the court exceeded its authority by ordering the Department to provide specific treatment at a specific facility.

The cause is remanded for reconsideration in light of *In re Lowe, supra.*

Reversed and remanded.

WILLIAMS and ANDERSEN, JJ., concur.

---

[2]The Brooks commitment occurred several weeks prior to the effective date of an amendment to RCW 13.04.095(5). When the order to place Brooks at the center was entered, the statute provided for commitment to the department of public assistance.