[No. 6651–3–II.   Division Two.   May 4, 1983.]

*In the Matter of the Personal Restraint of*
WILLARD HUFFMAN, *Petitioner.*

*Willard Huffman,* pro se.

*Kenneth O. Eikenberry, Attorney General, Lloyd Peterson, Deputy, Karen Lundahl, Assistant,* and *John Panesko, Jr., Prosecuting Attorney,* for respondent.

PETRICH, C.J.—Willard Huffman has filed a personal restraint petition in which he seeks reinstatement of a sentence imposed in February 1980 by Lewis County Superior Court Judge Cunningham for the crime of indecent liberties. That sentence imposed a 10–year prison term, but suspended it for 5 years on the condition that petitioner enter and complete the sexual psychopathy program at Western State Hospital.

Petitioner raises the following issues: (1) That he was placed twice in jeopardy because three different judges imposed sentences for the same crime; (2) that he was subjected to cruel and unusual punishment while at Western State Hospital; (3) that, since Western State declared him unfit for the sexual psychopathy program and he was sent to the state penitentiary, he has not been receiving the biannual psychiatric examinations to which he is entitled by RCW 71.06.140.

The Chief Judge referred this petition to the undersigned panel of judges for disposition.

The first two issues clearly provide no basis for relief. The two—not three—judges who were involved in the case acted properly and did not violate petitioner's rights. Initially, in October 1979, Judge Cunningham sent petitioner to Western State for a 15–day evaluation and opinion whether he was legally sane and competent to stand trial, RCW 10.77.060(1). Petitioner, represented by counsel, entered a bargained guilty plea to one count of indecent liberties on November 5. Then, on November 6, 1979, Judge Cunningham committed him for a 90–day evaluation of possible sexual psychopathy, RCW 71.06.040. The hospital staff found in January 1980 that he was a sexual psychopath and was amenable to treatment as such. Judge Cunningham then entered the suspended sentence described above, and petitioner promptly entered the sex-

ual psychopathy program.

On October 23, 1981, Western State reported that Mr. Huffman had failed its program and was no longer amenable to treatment there. Judge Draper on November 25, 1981 entered an order revoking the suspended sentence, giving petitioner credit for time served, and committing him to prison, RCW 71.06.091; RCW 9.95.220.

All of these orders conformed to the applicable statutes. Petitioner was not subjected to double jeopardy as he has been punished only once for the single crime. He was given a 10-year sentence that was originally suspended and later executed, and received credit for time served in the hospital. There is no error on this issue.

■ Nor is this court in a position to grant relief with respect to the conditions alleged to have existed while petitioner was at Western State Hospital. Having been transferred to the penitentiary, petitioner is no longer under any "restraint" or "disability" as a result of confinement under conditions at the hospital and this court cannot afford him any relief in response to that aspect of the petition. RAP 16.4(b).

Finally, we turn to petitioner's complaint that since being transferred to the penitentiary, he has not received the biannual psychiatric examinations required by RCW 71.06-.140. That statute provides that a committed sexual psychopath whom the mental hospital's superintendent determines to be a custodial risk or dangerous to other patients may be transferred to a correctional institution that has psychiatric care facilities. Such a transfer is accomplished by the Department of Social and Health Services with the consent of the Department of Corrections. The inmate/patient will be treated for sexual psychopathy at the correctional institution, and he will receive a complete psychiatric examination at least twice annually.

The statutory requirement for psychiatric exams has certain preconditions, i.e., that the patient be transferred because of risk or danger; the transfer be done administratively; that he still be amenable to treatment as a sexual

psychopath. Petitioner does not fall within that statute. His transfer to the penitentiary followed a determination that he was no longer amenable to treatment, and was not because of risk or danger. RCW 71.06.091 gave the court, upon being informed of his unamenability to treatment, the options of releasing him with or without conditions, returning him for treatment, or sending him to prison to serve the original sentence. The court, and not DSHS, sent him to prison. In these circumstances, however much petitioner might seem to be a likely candidate for psychiatric examinations, RCW 71.06.140 does not require the State to give them.

The petition is denied.

PETRIE and REED, JJ., concur.

Review by Supreme Court pending November 21, 1983.