No. 83-41

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

KATHLEEN RACHEL WILKINSON,

Defendant and Appellant,

vs.

STATE OF MONTANA,

Plaintiff and Respondent.

Appeal from·  District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Nick A. Rotering argued, Special Assistant Attorney General,
Helena, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula, Montana
Karen S. Townsend, Deputy County Attorney, argued. Missoula,
Montana

Submitted·  June 2, 1983

Decided·  August 1, 1983

Filed: AUG 1 1983

Ethel M. Harrison

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The Department of Institutions of the State of Montana appeals from an order by the District Court of the Fourth Judicial District, Missoula County, declaring the Department financially responsible for costs incurred as a result of the birth of defendant's baby.

On September 10, 1982, defendant entered a guilty plea to the charge of negligent homicide. The District Court sentenced defendant to ten years with two years suspended, to be served at a women's correctional facility chosen by the Department of Institutions.

Because defendant was soon to give birth and because testimony at the sentencing hearing indicated that she had a strong medical relationship with her physician, the District Court allowed her to remain at the Missoula County jail until after the birth of her child. She was remanded to the custody of the Missoula County sheriff and subsequently gave birth to her child at the Missoula Community Hospital. On October 28, 1982, she was taken to the Women's Correctional Center at Warm Springs, Montana.

The Department of Institutions refused to pay the medical expenses of the birth. Missoula County moved for an order from the District Court declaring that the Department pay the medical expenses. After a show-cause hearing, the District Court made the following findings, conclusions, and decree:

"FINDINGS OF FACT

"1. The Defendant, Kathleen Rachel Wilkinson, was found guilty by a plea of guilty to the offense of Negligent Homicide, a felony, and sentenced on the 10th day of September, 1982 to a term of ten (10) years at Montana State Prison with two of those years suspended.

"2. The Defendant, on September 10, 1982, was ordered to serve her time at the women's prison facility at Warm Springs State Hospital.

"3. The Defendant was ordered retained in the Missoula County Jail until after the birth of her child so that her obstetrician could continue to care for her.

- 2 -

"4. The Defendant was ordered to remain in Missoula County and not be transferred to Warm Springs State Hospital until her doctor determined that it would not be detrimental to her interests or the interests of her child to be transferred.

"5. The Defendant was taken to Missoula Community Hospital for the birth of her child on October 23, 1982.

"6. Expenses for medical and security costs in the amount of Three Thousand Four Hundred Eighty-two and 47/100th Dollars ($3,482.47) were incurred as a result of the birth of the Defendant's son.

"7. The Defendant was transferred to the women's prison facility on the 28th day of October, 1982 after her physician stated she could be transferred.

"CONCLUSIONS OF LAW

"1. The Defendant became a state prisoner on the 10th day of September, 1982 upon passing of sentence.

"2. The Defendant's stay in the Missoula County Jail and or the Missoula Community Hospital from September 10, 1982 until October 28, 1982, was a temporary stay for a state prison inmate.

"3. The Montana Department of Institutions is financially responsible for the medical and security costs incurred as a result of the birth of the Defendant's child.

"ORDER

"The Montana Department of Institutions is hereby ordered to assume the financial responsibility for all medical and security costs incurred as a result of the birth of the son of Kathleen Rachel Wilkinson.

"The Department is further ordered to remit to Missoula Community Hospital the sum of Two Thousand Eighty-five and 87/100ths Dollars ($2,085.87); to Dr. Thomas A. Baumgartner the sum of Four Hundred and Sixty Dollars ($460.00); and to Missoula County (Guards) the sum of Nine Hundred Fifty-four dollars ($954.00).

The sole issue on appeal is whether the Department of Institutions is responsible for the medical and security costs incurred as a result of the birth of the defendant's baby, despite the fact that she was not delivered to the Women's Correctional Center at Warm Springs prior to the birth.

The law of Montana is clear that "[o]nce a valid sentence is

imposed, the court lacks jurisdiction to vacate or modify it unless specifically authorized by statute. State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704." State v. Downing (1979), 181 Mont. 242, 593 P.2d 43, 44. Here the court, in its judgment, committed the defendant to the Montana Department of Institutions. From this it is clear that the defendant was the responsibility of the State as there is no way for the judge to change his decision, after the filing of the judgment.

This point is illustrated most vividly by a line of Washington cases where it has been stated that:

> "This court said in January v. Porter, 75 Wash.2d 768, 453 P.2d 876 (1969), that upon the entry of a final judgment and sentence of imprisonment, legal authority over the accused passes by operation of law to the Department of Institutions (now the Department of Social and Health Services) and the Board of Prison Terms and Paroles, and that those agencies of the executive branch bear full responsibility for executing the judgment and sentence or granting parole." (Emphasis added) Kanekoa v. Washington State Department of Social and Health Services (1981), 95 Wash.2d 445, 626 P.2d 6, 7 (see also In Re Bush (1980), 26 Wash.App. 486, 616 P.2d 666, In Re the Welfare of Lowe (1978), 89 Wash.2d 824, 576 P.2d 65.)

Similarly, because of the unusual circumstances in this particular case, the Department of Institutions must bear the medical costs for the birth of defendant's child.

It must be noted that our holding here applies solely to the particular expenses in question. We are neither setting nor suggesting a general method for determining financial responsibility of state prisoners. That is a legislative matter.

For the reasons stated above, the District Court's judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

- 4 -

_____

_____
John C. Stuckey

_____
Justices

Mr. Justice Daniel J. Shea dissenting:

I dissent. I would hold that Missoula County is responsible for the expenditures. The unfortunate result here is that the Department of Institutions, without even having been notified of the District Court decision in time to object, has been saddled with paying the costs of hospitalization and cost of providing guards at the hospital. The result not only is unfair it is papered over with citations and quotations of authority that have no application to the questions presented to the District Court and to this Court.

At the sentencing hearing it was the defense attorney and the deputy county attorney who requested the District Court to take the action it did. The District Court did so without ever conferring with anyone from the Department of Institutions. Had the Department of Institutions been notified of the contemplated action rather than the completed action, it is possible that it could have made other and satisfactory arrangements for care of the mother and the baby through the time of delivery.

The authority cited by the majority has no application to the facts presented here. Here the District Court committed the defendant to the Department of Institutions. This should have meant that the defendant was in the custody and control of the Department and that the Department could have made appropriate arrangements itself for the proper care of the mother and expected child. The question here is not whether custody passed by operation of law to the Department of Institutions upon the passing of sentence of imprisonment. The question is whether the District Court had the authority to grant custody and control of defendant to the Department

on the one hand, but on the other to take it away by never notifing the Department that it had made arrangments for the custody of the defendant up to the time that the baby was delivered. By the action it took, the District Court deprived the Department of any meaningful opportunity to object to the Court's decision.

In later ruling that the Department must bear the hospitalization and guard expenses the District Court simply sanctified the time-honored rule that if possible make the State pay rather than the local unit of government, a governmental application of the deep pocket theory. This Court has of course, ratified that action by approving the ruling that the State rather than the county must pay.

Here the District Court made a mistake and I have no doubt it had the authority to correct its own mistake by a ruling that truly passed the custody and control of defendant to the Department of Institutions. Had the Department been timely notified of the decision it could have objected and the District Court could have amended its decision to truly turn custody and control of defendant over to the Department of Institutions. I doubt that the Department would have been so callous as not to take care of the real needs of the expectant mother, but it was never given the opportunity to act. The county, not the State, should pay.

_____
Justice