FILED
COURT OF APPEALS
DIVISION II

2015 JUL 21 AM 9: 26

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45614-1-II |
| Appellant, | Consolidated With No. 46836-1-II |
| v. | |
| ANSEL W. HOFSTETTER, | UNPUBLISHED OPINION |
| Respondent. | |
| In the Matter of the Personal Restraint Petition of: | |
| ANSEL W. HOFSTETTER, | |
| Petitioner. | |

MAXA, P.J. — The State of Washington appeals from a resentencing hearing in which the trial court changed Ansel Hofstetter's sentence of life in prison without the possibility of early release, imposed when he was a juvenile, to a 40-year determinate sentence. The resentencing occurred pursuant to the United States Supreme Court's holding in *Miller v. Alabama* that sentencing a juvenile defendant to imprisonment of life without the possibility of release violated the Eighth Amendment proscription against cruel and unusual punishment unless the sentencing court specifically considered the juvenile's youthfulness before imposing the sentence. 132 S. Ct. 2455, 2460, 183 L. Ed. 2d 407 (2012). However, at the time of resentencing the legislature had not yet amended the sentencing statute to comply with *Miller*.

We hold that Hofstetter's new sentence is invalid because the trial court did not have statutory authority to impose a determinate sentence. Accordingly, we vacate Hofstetter's sentence and remand for resentencing. We also deny Hofstetter's personal restraint petition (PRP) as moot.

## FACTS

In 1992, a jury convicted Hofstetter, a juvenile, of aggravated first degree murder. Former RCW 10.95.030 (1981) required, and the trial court imposed, a sentence of life without the possibility of early release. In 1994, we affirmed Hofstetter's conviction and sentence. *State v. Hofstetter*, 75 Wn. App. 390, 878 P.2d 474 (1994).

After the United States Supreme Court decided *Miller*, Hofstetter sought relief in superior court by means of a motion for relief of judgment, relying on *Miller*. The State opposed the motion, arguing that *Miller* did not apply retroactively and, even if it did, the trial court would need to wait for the legislature to amend the sentencing statute. Hofstetter advocated for a determinate sentence between the mandatory minimum for first degree murder (20 years) and life.

Despite the State's request to take no action, the trial court ruled that *Miller* applied retroactively[1] and that Hofstetter should be resentenced. The State requested that the trial court again impose a sentence of life without the possibility of early release or, alternatively, a

---

[1] The United States Supreme Court has granted certiorari on whether *Miller* applies retroactively in *Montgomery v. Louisiana*, 135 S. Ct. 1546, No. 14-280 (Mar. 23, 2015). We do not address this issue.

2

determinate sentence of 50 years or more. The trial court imposed a 40-year determinate sentence with a lifetime of community custody.

The State appeals. Hofstetter also filed a PRP, which we consolidated with this appeal.

ANALYSIS

A. AMENDMENT OF SENTENCING STATUTE

Before the parties filed their appellate briefs, the legislature amended the applicable sentencing statute, now codified at RCW 10.95.030(3). This legislation is commonly called the "*Miller* fix." *In re Pers. Restraint of McNeil*, 181 Wn.2d 582, 586, 334 P.3d 548 (2014). RCW 10.95.030(3)(b) requires the sentencing court to "take into account mitigating factors that account for the diminished culpability of youth," restricts life sentences to older juvenile offenders and then only based on an individualized determination, and requires the court to impose an indeterminate sentence with at least a 25-year minimum term if life without the possibility of parole is not imposed.

The legislature applied its amendment retroactively. Any juvenile who was given a mandatory sentence of life without the possibility of early release before the *Miller* fix became effective automatically is entitled to resentencing consistent with the new guidelines. *Id.*; *see also McNeil*, 181 Wn.2d at 589.

Our Supreme Court decided in *McNeil* that the *Miller* fix did not violate the ex post facto clauses of the Washington Constitution and the United States Constitution.[2] 181 Wn.2d at 593.

---

[2] Article I, section 23 of the Washington Constitution provides, "No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed." Article I, section 10, clause 1 of the United States Constitution provides in relevant part, "No State shall . . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts."

B.      SENTENCING WITHOUT STATUTORY AUTHORITY

The State asks us to remand for resentencing because the trial court lacked statutory authority to resentence Hofstetter before the legislature enacted the *Miller* fix. It argues that fixing legal punishments is a legislative function and that the superior court does not have authority to impose a sentence not based on statute. We agree, and hold that Hofstetter's sentence is unlawful and that a new resentencing hearing is necessary.

1.      Invalid Sentence

In *State v. Guzman Nunez*, our Supreme Court reiterated the longstanding constitutional principle that fixing penalties and punishments for criminal offenses is a legislative function. 174 Wn.2d 707, 711, 285 P.3d 21 (2012); *see also State v. Ammons*, 105 Wn.2d 175, 180, 718 P.2d 796 (1986); *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937). A sentence that is beyond the trial court's statutory authority is an invalid sentence. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); *State v. Smissaert*, 103 Wn.2d 636, 639, 694 P.2d 654 (1985).

Here, at the time of resentencing, the sentencing statute only gave the trial court authority to impose a life sentence. Former RCW 10.95.030. Although *Miller* rendered that statute unconstitutional, the trial court had no statutory basis for imposing a different sentence. Further, once the legislature enacted the *Miller* fix to define the level of punishment for juveniles convicted of aggravated first degree murder, the trial court's new sentence was inconsistent with its statutory authority. After the *Miller* fix, the trial court could only impose an indeterminate sentence with at least a 25-year minimum sentence. RCW 10.95.030(3). There is not and never

4

has been statutory authority to impose a 40-year determinate sentence for aggravated first degree murder.

Because the trial court had no statutory authority to impose Hofstetter's new sentence, it is invalid and must be corrected. *See In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 510 n.9, 301 P.3d 450 (2013). Therefore, we hold that Hofstetter's sentence must be vacated.

2. Timeliness of Appeal

Hofstetter argues, without discussion or citation of authority, that the State's appeal is untimely because it was filed more than 30 days after he claims the trial court vacated the judgment on September 30, 2013. However, on September 30 the trial court did not vacate Hofstetter's existing sentence, but simply issued a written decision applying *Miller* retroactively. In any event, a final judgment – including the sentence – is a prerequisite to a direct appeal in a criminal case. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 949-50, 162 P.3d 413 (2007). Here, the trial court did not enter its judgment and sentence until October 18, 2013. The State's notice of appeal was filed within 30 days of the judgment and sentence.

We hold that the State's appeal was not untimely.

3. No Invited Error

Hofstetter argues that the invited error doctrine prevents the State from complaining that the trial court imposed a determinate sentence when it proposed such a sentence below. We disagree.

The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014). Here, the State repeatedly asked the trial court to delay resentencing Hofstetter until

the legislature amended the sentencing statute. However, the trial court decided that further delay implicated Hofstetter's speedy sentencing right and that resentencing was necessary before the legislature acted. The State supported a determinate sentence only after the trial court decided to go forward with resentencing.

This was not invited error. The trial court had ruled against the State and the State had no choice but to offer a sentencing recommendation. Therefore, we hold that the State is not precluded from challenging the imposed sentence.

4. Sentencing Authority Before Amendment

Hofstetter argues that a trial court should have authority to correct a sentence based on an unconstitutional statute if the legislature has not yet acted to fix the statute. Otherwise, if the legislature never acted, a person subject to such a sentence would never have a remedy.

However, our Supreme Court consistently has held that a trial court does not have the authority to adopt a different sentencing procedure when the statutory procedure has been found unconstitutional. *State v. Davis*, 163 Wn.2d 606, 610-11, 184 P.3d 639 (2008); *State v. Pillatos*, 159 Wn.2d 459, 469-70, 150 P.3d 1130 (2007). We hold that the same rule applies when a sentencing statute has been declared unconstitutional.

We hold that because the trial court had no statutory authority for its new sentence, the sentence must be vacated and the case must be remanded for a new resentencing hearing.

C. PERSONAL RESTRAINT PETITION

In his PRP, Hofstetter argues that the trial court erred in imposing a lifetime of community custody placement because such a condition makes his sentence an exceptional sentence unsupported by any factual findings. We need not address this issue because our

6

45614-1-II / 46836-1-II

remand for resentencing renders this issue moot. *In re Interest of Rebecca K.*, 101 Wn. App. 309, 313, 2 P.3d 501 (2000).

Hofstetter also argues that the Department of Corrections (DOC) is denying him earned early release time. This issue too may be rendered moot by our decision. In addition, DOC has responded that it is not denying Hofstetter early release but that its computer system was unable to make such calculations. DOC avers that it has remedied the problem. There is no remedy this court can provide at this time, making this issue moot. *In re Pers. Restraint of Huffman*, 34 Wn. App. 570, 572, 662 P.2d 408 (1983).

We vacate Hofstetter's sentence, remand for a new resentencing hearing, and deny Hofstetter's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

SUTTON, J.

7