# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59459-5-II |
| Respondent, | |
| v. | |
| MICHAEL ANTHONY COBB, | PUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Michael Cobb was convicted of 1 count of possession of methamphetamine with intent to deliver. The trial court ordered a mental health sentencing alternative and 18 months of community custody. The trial court imposed several conditions of community custody, including a mandatory condition that Cobb "[r]emain within geographic boundary, as set forth in writing by the Community Corrections Officer." Clerk's Papers (CP) at 84.

Cobb appeals his sentence, challenging this condition of community custody as unconstitutionally vague. We affirm.

### ANALYSIS

"Under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution, [a person] must have fair warning of proscribed conduct." *State v. Lundstrom*, 34 Wn. App. 2d 977, 979, 572 P.3d 1243 (2025). A community custody condition "is unconstitutionally vague if it either fails to give fair warning of what is forbidden or fails to give ascertainable standards that will prevent arbitrary enforcement." *State v. Johnson*, 197 Wn.2d 740, 747, 487 P.3d 893 (2021).

Cobb argues that the condition requiring him to comply with geographic limitations set by a community corrections officer fails to adequately warn him of forbidden conduct because the term "geographic boundary" is not defined. He also argues the condition "lacks ascertainable standards to protect against arbitrary enforcement" because it grants discretion to a community corrections officer. Br. of Appellant at 8. We disagree.

"Sentencing courts have the power to delegate some aspects of community placement to the [Department of Corrections]" because the execution of a sentence and rehabilitation of the defendant are "'administrative in character'" when properly exercised as prescribed by the legislature. *State v. Sansone*, 127 Wn. App. 630, 642, 111 P.3d 1251 (2005) (quoting *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937)). However, trial courts "'may not wholesaledly abdicate . . . judicial responsibility for setting'" community custody conditions. *Id.* (internal quotation marks omitted) (quoting *United States v. Loy*, 237 F.3d 251, 266 (3rd Cir. 2001)). In other words, a trial court cannot give a probation officer "'an unfettered power of interpretation'" over a community custody condition. *Id.* (quoting *Loy*, 237 F.3d at 266).

Here, the trial court did not impose a specific geographic boundary. Instead, it clearly and unambiguously required Cobb to comply with a boundary to be set by the Department. Under RCW 9.94A.703(1)(b), the sentencing court must require the defendant "to comply with any conditions imposed by the [D]epartment under RCW 9.94A.704." And the legislature *requires* the Department to set geographic restrictions for people it supervises based on an assessment of the person's risk to community safety. RCW 9.94A.704(2)(a), (3)(b). Thus, given that the legislature granted the Department the authority to impose these geographic boundaries and provided guidelines for deciding how to impose them, the trial court did not improperly give the Department

an unfettered power of interpretation. *See Lundstrom*, 34 Wn. App. 2d at 980-81. Additionally, this community custody condition contemplates that the defendant will have sufficient notice of what the geographic boundaries are, and this clarity also protects against arbitrary enforcement. *See* CP at 84 (requiring that the geographic boundary be set forth in writing). Finally, the defendant can seek administrative review of the geographic boundaries that the Department sets and can raise a lack of clarity at that time if necessary. *Lundstrom*, 34 Wn. App. 2d at 981.

Cobb relies on three unpublished Court of Appeals decisions that found the challenged community custody condition to be unconstitutionally vague.[1] We conclude that *Lundstrom* is better reasoned. In *Lundstrom,* Division One held that the community custody condition regarding geographic restrictions was not unconstitutionally vague. *Id.* at 983. The *Lundstrom* court relied in part on the legislature's clear requirement that the Department must set geographic restrictions for the offenders it supervises based on an assessment of the individual's risk to community safety. *Id.* at 980-81. Like the *Lundstrom* court, we conclude the condition is not unconstitutionally vague.

## CONCLUSION

We affirm Cobb's sentence.

---

[1] *In re Pers. Restraint of Bratcher*, No. 39758-1-III (Wash. Ct. App. Apr. 2, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/397581_unp.pdf; *In re Pers. Restraint of Alaniz*, No. 39631-2-III (Wash. Ct. App. Mar. 21, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/396312_unp.pdf; *State v. Weeden*, No. 85648-1-I (Wash. Ct. App. Jan. 21, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/856481.pdf.

No. 59459-5-II

_Glasgow, J._
GLASGOW, J.

We concur:

_Lee, J._
LEE, J.

_Veljacic, A.C.J._
VELJACIC, A.C.J.

4