159 P.3d 416 (2007)
137 Wash.App. 709
STATE of Washington, Respondent,
v.
Eric G. BAHL, Appellant.
No. 56812-4-I.
Court of Appeals of Washington, Division 1.
February 26, 2007.
Publication Ordered March 19, 2007.
*418 Andrew P. Zinner, Nielsen Broman & Koch PLLC, Seattle, Eric G. Bahl, Florence, AZ, Counsel for Appellants.
Mary Kathleen Webber, Snohomish County Prosecutor's Office, Everett, Counsel for Respondents.
BECKER, J.
¶ 1 In this direct appeal from his sentence for rape and burglary, Eric Bahl asks us to reverse, as overbroad and vague, certain conditions of sentence to which he will be subject during a lifetime of community custody. The conditions are not overbroad because they are related to his crime. And Bahl has not demonstrated that his argument about vagueness is appropriately considered in a pre-enforcement review. We affirm.

FACTS
¶ 2 Appellant Eric Bahl stands convicted of second degree rape and first degree burglary. He entered his neighbor's home when she was asleep and began to touch her leg. He left when she asked him to, but came back when she was again asleep, regained entrance through a locked door, and raped her. The court imposed an indeterminate sentence of 105 months to life for the rape and a concurrent sentence of 34 months for the burglary. The court sentenced Bahl to a lifetime of community custody under the supervision of the Department of Corrections.
¶ 3 The sentence included a number of conditions of community custody. On appeal, Bahl challenges several of these conditions as being vague or overbroad:
Do not possess or access pornographic materials, as directed by the supervising Community Corrections Officer. Do not frequent establishments whose primary business pertains to sexually explicit or erotic material.
Do not possess or control sexual stimulus material for your particular deviancy as defined by the supervising Community Corrections Officer and therapist except as provided for therapeutic purposes.[1]
Below, the only specific objection Bahl raised to these conditions was to say, at sentencing,
With regards to the next, pornographic materials, erotic material, sexual stimulus, again, there are no facts in this case which suggest that any of those things played a part in what happened here. This was notthere is simply no evidence that he has ever viewed any of this material or that this material played a part in what happened. It's a sex crime, yes, but it's a very unique situation, I believe. And I don't believe that those are appropriate. I don't think that they are helpful. I think they would just subject him to possible *419 imprisonment down the road if he makes a mistake in that regard.[2]

OVERBREADTH
¶ 4 Bahl contends the prohibitions concerning "erotic material" and "sexual stimulus material" are overbroad in violation of his right to free speech. See U.S. Const. Amend. 1 ("Congress shall make no law . . . abridging the freedom of speech"); Wash. Const. Art. 1, § 5 ("Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right.").
¶ 5 A criminal statute that sweeps constitutionally protected free speech activities within its prohibitions may be overbroad and thus violate the First Amendment. Courts consider whether the challenged statute reaches constitutionally protected speech or expression and whether it proscribes a real and substantial amount of protected speech. If the answer to both questions is yes, the court must strike the statute as overbroad unless the regulation of protected speech is constitutionally permissible or it is possible to limit the statute's construction so that it does not unconstitutionally interfere with protected speech. State v. Knowles, 91 Wash.App. 367, 372, 957 P.2d 797 (1998).
¶ 6 Bahl contends that the sentencing conditions are overbroad by this standard because they sweep in material that he has the right to view: sexually explicit movies, videos, and magazines. What his argument fails to recognize is that he is not complaining about a statute affecting the public generally. He is attempting to invoke the overbreadth doctrine to attack a condition of his own particular sentence. "An offender's usual constitutional rights during community placement are subject to SRA-authorized infringements." State v. Hearn, 131 Wash. App. 601, 607, 128 P.3d 139 (2006)(citing State v. Riles, 135 Wash.2d 326, 347, 957 P.2d 655 (1998)). The Sentencing Reform Act authorizes the court to order crime-related prohibitions. See RCW 9.94A.700(5)(e). The assignment of crime-related prohibitions has traditionally been left to the discretion of the sentencing judge and will be reversed only if it is manifestly unreasonable. State v. Riley, 121 Wash.2d 22, 37, 846 P.2d 1365 (1993).
¶ 7 Bahl did not argue in his opening brief that the conditions of his sentence are not appropriate crime-related prohibitions. By statute, a "crime-related prohibition" prohibits conduct that directly relates to the circumstances of the crime for which the offender has been convicted. RCW 9.94A.030(12). In his reply brief Bahl contends there is no relationship between his crime and the conditions preventing him from possessing "sexual stimulus material" or frequenting establishments such as bookstores and movie houses devoted to sexually explicit materials. An issue raised and argued for the first time in a reply brief is too late to warrant consideration. Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992). In any event, the argument is unpersuasive. Bahl emphasizes there was no evidence that any particular stimulus influenced him to commit rape. He misses the point of the trial court's concern about the circumstances of his crime, which showed him to be egregiously unable to control himself when in a state of sexual stimulus. An order limiting Bahl's access to sexually stimulating materials and environments relates directly to that aspect of his crime.
¶ 8 Because the conditions are crime-related, Bahl's overbreadth argument is unfounded.

VAGUENESS
¶ 9 Bahl also contends the challenged conditions are void for vagueness. A statute is presumed to be constitutional unless the party challenging it proves otherwise beyond a reasonable doubt. The same is true for a challenge to a sentencing condition. State v. Smith, 130 Wash.App. 721, 726-727, 123 P.3d 896 (2005).
¶ 10 The due process vagueness doctrine serves two important purposes: "first, to provide adequate notice of proscribed conduct, and second, to protect against arbitrary, ad hoc enforcement." *420 State v. Acrey, 135 Wash.App. 938, 947, 146 P.3d 1215 (2006). In determining if a penal statute provides adequate standards for enforcement, one must decide whether the ordinance proscribes conduct by resort to inherently subjective terms. However, the terms are not viewed "in a vacuum." The question is whether they are inherently subjective in the context in which they are used. Spokane v. Douglass, 115 Wash.2d 171, 180-81, 795 P.2d 693 (1990).
¶ 11 In analyzing a vagueness challenge, a court's first step is to determine whether to review the rule on its face or as applied to the particular case. Douglass, 115 Wash.2d at 181-82, 795 P.2d 693. The parties ignore this step. They appear to treat Bahl's appeal as a facial challenge that this court will entertain even though Bahl has not as yet been accused of violating the conditions, and even though he did not raise a vagueness challenge below.
¶ 12 A rule is facially invalid if its terms "are so loose and obscure that they cannot be clearly applied in any context." Douglass, 115 Wash.2d at 182 n. 7, 795 P.2d 693 (quoting Basiardanes v. Galveston, 682 F.2d 1203, 1210 (5th Cir.1982)). Vagueness challenges to enactments which do not involve First Amendment rights are to be judged not facially but rather as applied, in light of the particular facts of each case. Douglass, 115 Wash.2d at 182, 795 P.2d 693. In as-applied challenges, courts examine the actual conduct of the party challenging the law, not hypothetical situations at the periphery of the rule's scope. Douglass, 115 Wash.2d at 181-83, 795 P.2d 693. Even where a facial challenge is appropriate, the challenger must show that the challenged rule is impermissibly vague in all of its applications, and so a factual record showing how it applies to the challenger is "not unimportant." Douglass, 115 Wash.2d at 182 n. 8, 795 P.2d 693.
¶ 13 In the present case there is no actual conduct or factual record for the court to review. Bahl merely anticipates that he might be accused of engaging in conduct that violates the sentencing conditions.
¶ 14 The parties do cite and discuss State v. Sansone, 127 Wash.App. 630, 111 P.3d 1251 (2005). In that case, an offender was subject to the condition that he not possess pornography except as permitted by his therapist or community corrections officer. While on community placement, he was discovered to be in possession of photographs of scantily-clad women. The trial court found him in violation of the condition and sentenced him to additional confinement. We reversed the judgment after finding that the term "pornography" was unconstitutionally vague as applied. Based on Sansone, the State here concedes error as to the condition regulating "pornographic materials." We reject the concession because unlike in Sansone, the term has not yet been applied, and here there is no factual record to draw upon.
¶ 15 One of the authorities we relied on in Sansone was United States v. Loy, 237 F.3d 251, 267 (3rd Cir.2001). In that case the federal court also concluded that a prohibition against possessing "pornography" was unconstitutionally vague. Unlike in Sansone, the condition had not yet been enforced. The government argued in Loy that it would be premature to address the offender's challenge to the condition in a direct appeal from his sentence. The government asked the court to apply the rule that a vagueness challenge that does not involve First Amendment freedoms must be examined in light of the facts of a particular case. Loy, 237 F.3d at 259.
¶ 16 The court rejected the government's position after finding "there are important differences between a probationer on supervised release and a member of the general public". Loy, 237 F.3d at 260. For instance: "The fewer procedural protections available at a revocation proceeding, as opposed to a trial, make it far more hazardous for a releasee to wait until a condition has been enforced in order to test its validity." Loy, 237 F.3d at 260. Persons under conditions of supervised release are also more likely to be prosecuted for violations because "these conditions are, after all, special `laws' tailored only to them." Loy, 237 F.3d at 260. Finally, while concerns about justiciability generally derive from separation of powers considerations, *421 no such concerns are present in the supervised release context because the "rule" being challenged is not a statute or an administrative regulation; it is a sentencing condition created by a court. Loy, 237 F.3d at 260-261.
¶ 17 The court thus concluded it was appropriate to reach the merits of the offender's pre-enforcement challenge, and proceeded to determine that the "unusually broad" prohibition against possessing pornography was unconstitutional as it could subject the offender to prosecution, for example, for the possession of any art form that employs nudity. Loy, 237 F.3d at 266. "That said, there is no question that the District Court could, perfectly consonant with the constitution, restrict Loy's access to sexually oriented materials, so long as that restriction was set forth with sufficient clarity and with a nexus to the goals of supervised release." Loy, 237 F.3d at 267.
¶ 18 While we have followed Loy in concluding that a prohibition against possessing "pornography" is too vague as applied to possession of the photographs in Sansone, we have not yet agreed it is appropriate to evaluate conditions of sentence for vagueness in a pre-enforcement challenge. We are not inclined to do so in the absence of briefing on the pros and cons of that approach. We have reservations about the wisdom of making the appellate courts routinely available as editors to demand that trial courts rewrite sentencing conditions to avoid hypothetical problems.
¶ 19 The Loy court was willing to review a facial challenge to a condition using the term "pornography" partly because the issue seemed to be entirely legal, one "that we can easily resolve without reference to concrete facts". Loy, 237 F.3d at 261. Terms other than "pornography" are not so easily dealt with outside a factual context. See, e.g., United States v. Phipps, 319 F.3d 177, 192-93 (5th Cir.2003) (refusing to apply Loy reasoning to a condition prohibiting defendants from possessing sexually oriented or sexually stimulating materials and from patronizing any place where such material or entertainment is available.).
¶ 20 Sentencing courts "must inevitably use categorical terms to frame the contours of supervised release conditions." United States v. Paul, 274 F.3d 155, 167 (5th Cir. 2001). Bahl's requested remedy for the alleged vagueness is a remand so the trial court can impose conditions that are more specific. At this time there is no reason to suppose that such an exercise would be useful.
¶ 21 Because Bahl has not explained why his vagueness challenge requires evaluation of the conditions in a factual vacuum, we decline to review it.

IMPROPER DELEGATION
¶ 22 To the extent that the sentencing conditions give the community corrections officer a role in defining what Bahl can and cannot do, Bahl contends the court improperly delegated its judicial authority.
¶ 23 We have held that the definition of pornography "was not an administrative detail that could be properly delegated" to the community corrections officer. Sansone, 127 Wash.App. at 642, 111 P.3d 1251. We have also held that a claim of improper delegation may not be raised for the first time on appeal. Smith, 130 Wash.App. at 729-730, 123 P.3d 896. Because Bahl did not raise improper delegation as a concern below when the conditions were imposed, we decline to address it.

STATEMENT OF ADDITIONAL GROUNDS
¶ 24 Pro se, Bahl contends the trial court erred by denying his various motions to sever his charges. However, he cannot demonstrate prejudice. The jury acquitted him on charges of residential burglary, trespass, and indecent exposure arising from another neighbor's accusation that Bahl exposed himself to her on the night in question. They thereby demonstrated that they were not affected by any inference of propensity that may have arisen from trying the charges together. See State v. Standifer, 48 Wash. App. 121, 126-127, 737 P.2d 1308 (1987) (rejecting State v. Ramirez, 46 Wash.App. 223, 227, 730 P.2d 98 (1986)).
*422 ¶ 25 Below, the prosecutor argued in rebuttal that the fact that two women had made allegations against Bahl on the same night was not a "coincidence". The trial court sustained Bahl's immediate objection, and reminded the jury that it must consider the counts separately. Bahl moved for a mistrial and now contends the court erred by denying that motion. A trial court should grant a mistrial only when the defendant has been so prejudiced that nothing short of a new trial can insure that the defendant will be tried fairly. Only errors affecting the outcome of the trial are prejudicial. State v. Buss, 76 Wash.App. 780, 790, 887 P.2d 920 (1995). For the same reasons the denial of the severance motions was harmless, the denial of the mistrial motion did not affect the outcome. The jury demonstrated that it could put aside any improper prejudice from the comment by refusing to convict Bahl on the other charges.
Affirmed.
APPELWICK, C.J., ELLINGTON, J. concur.
NOTES
[1] Clerk's Papers at 28 (Additional Conditions of Community Custody, entered July 26, 2005).
[2] Sentencing Hearing transcript at 8-9, July 26, 2005.