# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67925-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GLENN ALLEN NORTHROP, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 20, 2013 |

PER CURIAM — Glenn Northrop appeals the revocation of his Special Sexual Offender Sentencing Alternative (SSOSA). He also appeals details of his judgment and sentence. We affirm the revocation but remand for resentencing.

In order to obtain a SSOSA, Glenn Northrop pleaded guilty to attempted second degree rape of a child, patronizing a juvenile prostitute, and possessing depictions of minors engaged in sexually explicit conduct. Clerk's Papers (CP) at 1-2. The sentencing court imposed a minimum term of 131 months and suspended all but six months on the condition that Northrop complete sex offender treatment and abide by community custody conditions for life. CP 37, 39. Northrop completed sex offender therapy in September 2007.

In June 2009, the Department of Corrections (DOC) noted with concern that Northrop was using the internet to advertise his services as a photographer, including photographs of nude women. CP 218. The court ordered Northrop to remove from his website "any photographs of humans or solicitations to take nude photographs of

women and shall use his legal name on any website he is involved in." CP 219-221. In August 2009, the DOC alleged two violations of this order because Northrop had failed to remove all the photos and had not adequately identified himself on the websites. CP 223. Although the court found no violation, it directed Northrop to remove all images and solicitations for nude photography and undergo an evaluation by his former sex offender therapist. CP 227-8, 237, 248-9.

In June 2011, the prosecutor moved to revoke Northrop's SSOSA, based on his 1) failure to comply with the August 2009 order by posting photographs of nude women, 2) failure to comply with the judgment and sentence by possessing pornography, and 3) failure to comply with the judgment and sentence requiring Community Corrections Officer (CCO) approved employment. CP 85. The court revoked Northrop's SSOSA based on violations of the employment condition and his posting of nude photographs on the internet in June 2011. CP 95-96. The revocation order imposed the 131-month minimum sentence originally entered. CP 96. Northrop now appeals the SSOSA revocation as well as his sentence and a community custody condition relating to possession of pornography.

I.    Revocation of SSOSA

In revoking Northrop's SSOSA, the trial court stated that "either one of the two violations found justifies the revocation of the suspended sentence." CP 96, Verbatim Report of Proceedings (VRP) (Oct. 7, 2011) at 30. Northrop challenges one of the violations, but not the other. Accordingly, we need not decide whether his challenge has merit because even assuming it does, the revocation is still supported by the other unchallenged violation. Northrup's challenge to the SSOSA revocation fails.

2

II.    Sentence

The court sentenced Northrop to a minimum of 131 months based on a standard range of 111 to 147 months. Northrop contends, and the State concedes, that the court erroneously sentenced him based on the completed crime of rape of a child in the second degree, rather than the attempted offense to which he pleaded guilty. We accept the concession. The standard range for attempt is 75 percent of the range for the completed crime. RCW 9.94A.533(2). Given this, the court should have sentenced Northrop based on a standard range of 83.25-110.25 months. We remand for resentencing based on the corrected standard range.

III.    Community Custody Prohibition on Possession of Pornography

The court imposed the following community custody condition: "Do not possess or peruse pornographic materials unless given prior approval by your sexual deviancy treatment specialist and/or Community Corrections Officer. Pornographic materials are to be defined by the therapist and/or Community Corrections Officer." CP 39. Northrop contends — and the State concedes — that this prohibition is unconstitutionally vague under State v. Bahl, 164 Wn.2d 739, 193 P.3d 678 (2008) and State v. Sansone, 127 Wn. App. 630, 111 P.3d 1251 (2005). We accept the concession and remand for entry of a community custody condition that provides the necessary specificity. Sansone, 127 Wn. App. at 643.

Affirmed in part and remanded in part.

For the court:

3