IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79667-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ORLENA R. DRATH, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: June 24, 2019 |

ANDRUS, J. — Orlena Drath challenges an April 3, 2017 restitution order arising out of a September 2, 2016 conviction for residential burglary, theft of firearms, unlawful possession of firearms, trafficking in stolen property, and bail jumping. Drath argues there is no causal connection between her offenses and the amount of damages claimed by the victim's insurance company.

While this appeal was pending, Division Two of this court reversed Drath's convictions and remanded the case for further proceedings. State v. Drath, 7 Wn. App. 2d 255, 265-66, 431 P.3d 1098 (2018). By letter dated June 6, 2019, the State represented that, on June 3, 2019, Drath pleaded guilty and was resentenced. The State also indicated that the sentencing court adopted the previously entered restitution order, noting that it was on appeal and that enforcement was contingent on the outcome of the appeal. But neither the June

3, 2019 judgment and sentence nor the newly entered restitution order is in the record before us.

Division Two's decision reversing Drath's 2016 judgment and sentence effectively invalidated the trial court's 2017 restitution order because the convictions on which it was based were reversed. A trial court's authority to order restitution is entirely statutory and must be ordered whenever the offender is convicted of an offense which results in damage to or loss of property. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007); RCW 9.94A.753(5). But we do not know to which crimes Drath recently pleaded guilty. We cannot evaluate a restitution order that is not before us. The present appeal is thus moot. See State v. Sansone, 127 Wn. App. 630, 636-37, 111 P.3d 1251 (2005) (case is moot if appellate court cannot provide effective relief).

We therefore reverse the April 3, 2017 restitution order without prejudice to the State to file a new motion for restitution based on the June 3, 2019 judgment and sentence.

WE CONCUR:

_Andrus, J._

_Dwyer, J._

_Schindler, J._

- 2 -