# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54714-7-II |
| Respondent, | |
| v. | |
| JOHN CARRIE BENJAMIN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — John C. Benjamin appeals his sentence for bail jumping, arguing that the trial court erred in requiring him to sign his judgment and sentence and for not giving him 15 days credit for time served. Because Benjamin has completed his sentence, there is no further relief this court can provide. Accordingly, we dismiss Benjamin's appeal as moot.

## FACTS

Benjamin pled guilty to bail jumping in October 2019. Benjamin's standard sentence range was 3-to-8 months. The State agreed to recommend 3 months.

On February 12, 2020, the trial court sentenced Benjamin to 6 months, with his sentence starting that day. Benjamin requested additional time to put his affairs in order before starting to serve his sentence. The court informed Benjamin that he already had time for that and denied his request. Frustrated by the court's response, Benjamin refused to sign the judgment and sentence. The court scheduled a follow up hearing to give Benjamin time to consult with his attorney and decide whether to sign the judgment and sentence.

On February 27, 2020, Benjamin continued to express his frustration to the trial court over his sentence. The court added another month to Benjamin's sentence. Ultimately, the court sentenced Benjamin to 7 months with credit for 4 days served. Benjamin appeals.

ANALYSIS

Benjamin contends that the trial court erred in requiring him to sign the judgment and sentence and not giving him 15 days credit for time served. The State responds that this matter is moot because Benjamin has served his sentence. We agree with the State.

An appeal is moot if we no longer can provide effective relief. *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019). However, we have discretion to decide a moot appeal if the case involves a matter of continuing and substantial public interest. *In re Detention of M.W.*, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016). In determining whether a moot appeal falls within this exception, we consider the public or private nature of the issue presented, the need for an authoritative determination that will provide future guidance to public officers, and the likelihood that the issue will recur in the future. *Id.*

In this case, the trial court's response to Benjamin's frustrations with his standard range sentence and his refusal to sign the judgment and sentence is not a public question; the question will probably not recur; and it is a matter of discretion that would not benefit from guidance. Therefore, we decline to exercise our discretion to consider Benjamin's moot appeal. The proper recourse in such circumstance is to dismiss. *State v. Sansone*, 127 Wn. App. 630, 636, 111 P.3d 1251 (2005).

We dismiss Benjamin's appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, P.J.

_____
Price, J.