IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>QAHIR RASHEAM BAKER,<br><br>Appellant. | No. 85875-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Qahir Baker pleaded guilty to several charges related to a domestic violence incident. The State and Baker jointly recommended a prison-based drug offender sentencing alternative (DOSA) for Baker's felony offenses and a 364-day term of confinement for his misdemeanor offenses. After serving his term of confinement, Baker filed a motion to amend a community custody condition that prohibited him from using alcohol or controlled substances absent a prescription to allow physician authorization, which was denied. Baker challenges the court's taking judicial notice of certain facts and the denial of his motion. Baker also challenges the imposition of the victim penalty assessment (VPA) on him given recent changes in the law. Because Baker is no longer under community supervision, his claim is moot. Further, we decline to address Baker's challenge to the VPA, as he did not assign error on that basis. Accordingly, we dismiss the appeal.

FACTS

In 2022, Qahir Baker was charged with various crimes relating to a domestic violence incident, including one count of assault in the third degree for domestic violence, two counts of misdemeanor violation of a court order for domestic violence, one count of unlawful imprisonment related to domestic violence, and one count of attempted tampering with a witness. In July 2022, Baker entered a felony plea agreement for one count of assault in the third degree for domestic violence and one count of unlawful imprisonment for domestic violence and a misdemeanor plea agreement for two counts of domestic violence violation of a court order. On August 15, 2022, the trial court entered its judgment and sentence imposing a prison-based DOSA with a term of incarceration of 12.75 months for the felony charges and a 364-day term of incarceration for the misdemeanor charges, to be served concurrently. As part of Baker's DOSA, the trial court also imposed 12.75 months of community custody, including a condition barring him from using "any alcohol or controlled substances without prescription." The court found Baker indigent and waived all mandatory legal financial obligations (LFOs) but imposed the then-mandatory $500 VPA.

On August 16, 2023, Baker filed a notice to withdraw his guilty plea asserting that his judgment and sentence did not "appear to explicitly prohibit [him] from using Medical Marijuana," but that the Department of Corrections (DOC) informed him that he could not use medicinal cannabis.[1] In September

---

[1] The Washington Supreme Court has noted that the use of the term "marijuana" is rooted in racism, and for this reason, the Washington legislature has enacted a law to replace the

2023, Baker filed a CrR 7.8(a) motion to amend his judgment and sentence, arguing that the court actually intended Baker "be prohibited from using controlled substances absent physician approval, but that with physician approval he may be permitted to use whatever substance his physician feels most appropriate." The trial court denied Baker's motion to amend his judgment and sentence.[2] Baker filed a notice of appeal of this order in October 2023. In January 2024, DOC ended its court-ordered supervision of Baker.

ANALYSIS

I.      CrR 7.8(a) Motion to Amend

Baker claims it was an abuse of discretion for the court to take judicial notice of (1) the ease in obtaining a physician-authorization for medicinal cannabis use and (2) the fact that the use of medicinal cannabis "contraindicated" Baker's diagnoses. He argues these facts were "highly disputable" because obtaining authorization for medicinal cannabis use is statutorily regulated, and there was no evidence that medicinal cannabis is not advised for his diagnoses; rather, it was authorized by his physician.

The State argues that Baker's claim is moot because he has already been released from DOC supervision and is no longer subject to the condition of custody. In general, we will not review a moot case. State v. Beaver, 184 Wn.2d

_____

term in statutes with the term "cannabis." State v. Fraser, 199 Wn.2d 465, 469 n.1, 509 P.3d 282 (2022) ("The transition from using the scientific 'cannabis' to 'marijuana' or 'marihuana' in the early 20th century stems from anti-Mexican, and other racist and anti-immigrant, sentiments and efforts to demonize cannabis."). Thus, we use the term "cannabis" in this opinion, unless quoting another source.

[2] It appears from the record that both of Baker's motions—to withdraw and to amend—where heard before the court at the same time, wherein he sought the motion to amend as his first course of action and reserved the motion to withdraw his plea for if the motion to amend was denied.

321, 330, 358 P.3d 385 (2015). A case is moot if a court cannot provide effective relief or if the question presented is abstract in nature. Id. However, we have discretion to decide a moot case if it presents a question of continuing and substantial public interest. Id. We consider three factors in determining whether a case presents an issue of continuing and substantial public interest, including (1) whether it is of a public or private nature; (2) whether it is desirable for an authoritative determination to provide future guidance for public officials; and (3) whether the issue is likely to recur. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). We may also consider the level of adversity between the parties and the "likelihood the issue in question will escape review because the facts are short-lived." In re the Det. of K.P., 32 Wn. App. 2d 214, 220, 555 P.3d 480 (2024).

Baker concedes that his appeal is moot because he has already been released from DOC supervision. However, he argues that his appeal presents a question of continuing and substantial public interest because "the scope of permissible 'judicial notice' at a hearing on the supervisee's motion to amend conditions of a DOSA—will continue to evade review."

We agree with the parties that Baker's claim is moot, as he has fully served his sentence and is no longer under DOC supervision. Baker nevertheless argues that a court's ability to take judicial notice at a hearing to amend conditions of a DOSA presents an issue of continuing and substantial public interest, citing Washington cases that held that the application of community custody conditions is a matter of substantial public interest. However,

all of the cases that Baker cites raised constitutional challenges to community custody conditions. See State v. Shreve, 28 Wn. App. 2d 785, 789-90, 538 P.3d 958 (2023) (constitutional challenge to a "no-hostile-contact" community custody condition was an issue of continuing and substantial public interest); State v. Sansone, 127 Wn. App. 630, 636-38, 111 P.3d 1251 (2005) (vagueness challenge to community custody condition prohibiting possession of "pornography" without prior consent of probation officer presented an issue of continuing and substantial public interest).

By contrast, here, Baker does not raise a constitutional challenge to a community custody condition. Instead, he sought relief under CrR 7.8(a), which provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice." Baker asked the trial court to amend his judgment and sentence to "more accurately embody the Court's intention that Mr. Baker be prohibited from using controlled substances absent physician approval, but that with physician approval he may be permitted to use whatever substance his physician feels most appropriate." At the hearing on the motion to amend, the court explained that it saw "the purpose of a DOSA to be quite different" than Baker's broader interpretation. Therefore, by denying Baker's motion, the court determined that the judgment and sentence contained no "clerical mistakes" meriting relief under CrR 7.8(a).

Further, we conclude that the question Baker asks us to review—the scope of permissible judicial notice at a hearing to amend a condition of DOSA—is not an issue of continuing and substantial public interest under the Hunley factors. Baker's question is inherently private because it is tied to the facts of his case, his diagnoses, and his physician-authorization. As to the second factor, while guidance may be useful regarding whether the term "prescription" in the community custody condition could be interpreted to include physician-authorization, that is not the question Baker has raised here. And the question he does raise, regarding the court's taking judicial notice of certain facts, is unlikely to recur because Baker argued that it was a clerical mistake, not that it was substantively erroneous. As the State points out, a defendant could seek relief through an objection at sentencing or a timely motion to amend. The continuing and substantial public interest exception does not apply "in cases that are limited to their specific facts." Beaver, 184 Wn.2d at 331. Baker's challenge is moot and does not present an issue of continuing and substantial public interest.

II.    VPA

Baker concedes that any challenge to his VPA is outside the scope of his appeal pursuant to RAP 2.4(a)[3] because he did not designate it in his notice of appeal. Nevertheless, Baker requests this court strike the VPA from his judgment and sentence given recent amendments to the law barring courts from imposing such fees on indigent defendants. See LAWS OF 2023, ch. 449, § 1. This amendment applies to direct appeals of a conviction and sentence. See, e.g.,

---

[3] RAP 2.4(a) provides that "[t]he appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal."

State v. Reed, 28 Wn. App. 2d 779, 780-81, 538 P.3d 946 (2023) (applying the amendment to RCW 7.68.035 to a defendant's appeal of his sentence for assault in the first degree after Blake[4] resentencing); State v. Ellis, 27 Wn. App. 2d 1, 6, 16, 530 P.3d 1048 (2023) (explaining that the amendment applied to a defendant's direct appeal of his sentence, but remanding to the trial court to determine indigency); State v. Roberts, 32 Wn. App. 2d 571, 583, 614, 553 P.3d 1122 (2024) (applying the amendment to a defendant on direct appeal of his sentence for murder in the first degree).

However, Baker is not challenging his judgment and sentence on direct appeal. Rather, he challenges the sentencing court's denial of his CrR 7.8(a) motion to amend a term of community custody. If a court grants a CrR 7.8 motion and conducts a resentencing, the order effectively "operate[s] to vacate the previous sentence and create a new sentence," which becomes appealable by the defendant. State v. Vasquez, __ Wn.3d __, 560 P.3d 853, 856 (2024). But the sentencing court here did not grant Baker's CrR 7.8 motion, and no resentencing was conducted. Baker does not appeal a new sentence but rather an order denying his motion to amend. Therefore, we decline to strike Baker's VPA because it was not properly designated in his notice of appeal and this is not a direct appeal of his judgment and sentence to which the VPA amendments apply.[5]

Appeal dismissed.

---

[4] State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021) (holding statute criminalizing simple drug possession was unconstitutional).

[5] Baker is not without a remedy. As the State and Baker himself both point out, he can seek waiver of the VPA under RCW 7.68.035(5)(b) by filing a motion in the superior court.

_____Chung, J._____

WE CONCUR:

_____Brennan, J_____          _____Smith, C.J._____