# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60309-8-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| DAVID HAAS, | |
| Appellant. | |

CHE, J. — David Haas pleaded guilty to three counts of first degree child molestation in 2009. As part of his sentence, he was sentenced to lifetime community custody conditions. Haas was released from confinement in 2017, and, in 2022, filed a motion to modify the conditions of his community custody. The trial court granted his motion in part, but declined to modify or strike a condition requiring that Haas stay within or outside of a geographical area set by his community custody officer or a condition requiring that Haas consent to home visits and searches. Haas appeals, arguing that those two conditions are unlawful. We agree that the community custody condition requiring Haas to consent to home visits and searches is unconstitutionally broad and requires clarification. Therefore, we remand to the trial court to clarify DOC's authority to search Haas so it is consistent with the law. Otherwise, we affirm.

FACTS

Haas pleaded guilty to three counts of first degree child molestation in 2009 based on acts he committed between 2007 and 2008. The trial court designated Haas as a sex offender and sentenced him to an indeterminate sentence. The trial court imposed a minimum term of 120 months confinement and a maximum term of life, as well as a lifetime term of community custody.

As part of the terms of community custody, the trial court ordered that Haas remain within or outside of a specified geographical boundary as determined by the Department of Corrections (DOC). The court also imposed a community custody condition requiring that Haas "consent to allow home visits by [the DOC] to monitor compliance with supervision. This includes search of the defendant's person, residence, automobile, or other personal property, and home visits include access for the purposes of inspection of all areas the defendant lives or has exclusive/joint control or access." Clerk's Papers at 40.

Haas was released into the community in 2017. In August 2024, Haas filed a motion to modify the conditions of his community custody under RCW 9.94A.703. RCW 9.94A.703(2)(a) provides that a sex offender, following his release from total confinement, may move the court for an order amending the substantive conditions of his community custody. As relevant to this appeal, Haas argued that the condition that he remain within or outside of a geographic boundary set by his community custody officer (CCO) and the condition that he consent to home visits and searches were unlawful.

After a hearing on the motion, the trial court entered an order modifying several of Haas's community custody conditions but did not modify or strike the conditions requiring Haas

to remain within or outside a geographic boundary determined by his CCO, or requiring him to consent to home visits and searches. Haas did not designate the transcript from this hearing as part of the record on appeal, and it is unclear if the State responded to Haas's motion below or appeared at the hearing.

Haas appeals.

ANALYSIS

RCW 9.94A.703(2)(a) provides that a sex offender, following his release from total confinement, may move the court for an order amending the substantive conditions of his community custody. The offender must prove by a preponderance of the evidence that there has been a substantial change in the circumstances such that the condition of community custody is no longer necessary for community safety. RCW 9.94A.703(5)(b).

We review the trial court's decision on a motion to amend community custody conditions for an abuse of discretion. *See Sate v. Riofta*, 166 Wn.2d 358, 370, 209 P.3d 467 (2009); *see also State v. Hardesty*, 129 Wn.2d 303, 317, 915 P.2d 1080 (1996) (trial court's decision on motion for postconviction relief is reviewed for abuse of discretion). A trial court abuses its discretion when its decision is manifestly unreasonable or rests on facts unsupported in the record or was reached by applying the wrong legal standard. *State v. Chhim*, 35 Wn. App. 2d 238, 574 P.3d 595 (2025).

Haas argues that the trial court abused its discretion by not striking or amending the community custody condition requiring Haas to remain within or outside a geographic boundary determined by his CCO and the community custody condition requiring Haas to consent to home

3

visits and searches. He contends that the conditions are unlawful and therefore cannot be necessary for community safety.

## I. GEOGRAPHICAL BOUNDARY

Haas argues that the condition requiring Haas to remain within or outside a geographic boundary determined by his CCO, is unlawful because only the Indeterminate Sentence Review Board (ISRB) has the authority to impose limitations on movement. We disagree.

Haas contends that under RCW 9.94A.704(10), a CCO has no authority, other than in the case of an emergency, to impose limitations on movement for defendants serving indeterminate sentences. This is incorrect.

"Sentencing courts have the power to delegate some aspects of community placement to the DOC." *State v. Sansone*, 127 Wn. App. 630, 642, 111 P.3d 1251 (2005). While the judiciary determines guilt and imposes sentences, "'the execution of the sentence and the application of the various provisions for the mitigation of punishment and the reformation of the offender are administrative in character and are properly exercised by an administrative body, according to the manner prescribed by the Legislature.'" *Id*. (quoting *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937)).

"Every person who is sentenced to a period of community custody shall report to and be placed under the supervision of the [DOC]." RCW 9.94A.704(1). A trial court is required to order offenders to comply with any conditions imposed by DOC under RCW 9.94A.704. RCW 9.94A.703(1)(b). Under RCW 9.94A.704, if the offender is supervised by the DOC, the DOC shall at a minimum instruct the offender to remain within prescribed geographical boundaries.

RCW 9.94A.704(3)(b).[1] Accordingly, the trial court did not abuse its discretion by declining to strike or modify the condition requiring Haas to remain within or outside a geographic boundary determined by his CCO.

## II. CONSENT TO HOME VISITS AND SEARCHES

Haas argues that the condition requiring his consent to home visits and searches unconstitutionally violates his right to privacy. The State argues that a pre-enforcement challenge to this condition is not ripe for review. We disagree with the State.

To determine whether a pre-enforcement challenge to a community custody condition is ripe for review, we examine "'if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'"[2] *State v. Valencia*, 169 Wn.2d 782, 786, 239 P.3d 1059 (2010) (internal quotation marks omitted) (quoting *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008)). We also consider the hardship imposed on the petitioner if the condition challenged is not reviewed on appeal. *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (2015).

For example, in *Cates*, the Washington Supreme Court considered whether a pre-enforcement challenge to the following condition was ripe for review:

> You must consent to [Department of Corrections] home visits to monitor your compliance with supervision. Home visits include access for the purposes of visual

---

[1] We cite to the current statute. A prior version was in effect when Haas committed his offenses, but the relevant statutory language has not changed.

[2] In his reply brief, Haas states that he has repeatedly been subject to searches of his voicemail, email, texts, photographs, and other personal property by the department. He contends that this was discussed at the trial court hearing, but he did not designate a transcript of that hearing for the record on appeal.

> inspection of all areas of the residence in which you live or have exclusive/joint control/access, to also include computers which you have access to.

*Id*. at 533 (alteration in original). While the court concluded that this was a final action and that Cates raised primarily legal issues, the court noted that further factual development was required, commenting, "[s]ome future misapplication of the community custody condition might violate article I, section 7, but that 'depends on the particular circumstances of the attempted enforcement.'" *Id*. at 535 (quoting *Valencia*, 169 Wn.2d at 789). The court also concluded that the risk of hardship to Cates was insufficient to justify review before the challenge was factually developed because "[c]ompliance here does not require Cates to do, or refrain from doing, anything upon his release until the State requests and conducts a home visit." *Id*. at 536. Accordingly, the court held that Cates' pre-enforcement challenge was not ripe. *Id*.

Here, unlike in *Cates*, further factual development is not required because Haas raises a legal issue regarding constitutional rights. This issue is final because the condition was set forth in Haas' judgment and sentence. Additionally, the issue currently creates a hardship for Haas because the condition was imposed immediately upon Haas's release from confinement in 2017. Thus, Haas' challenge is ripe for review.

Haas has been released to the community and subject to this community custody condition for nearly a decade. Although there is no evidence of specific enforcement in the record on appeal,[3] this issue requires no further factual development, and failure to consider the issue would create a hardship on Haas, which justifies reviewing the challenge.

---

[3] In his reply brief, Haas states that he has repeatedly been subject to searches of his voicemail, email, texts, photographs, and other personal property by the DOC.

Article I, section 7 states that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. Under article I, section 7, a search warrant is typically needed to conduct a search. *See State v. Morse*, 156 Wn.2d 1, 15, 123 P.3d 832 (2005). Warrantless searches are generally unreasonable, subject to a few exceptions. *See State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999). Nonetheless, defendants on community custody are not entitled to the complete protection of article I, section 7 because they are individuals sentenced to confinement but are serving their time outside of prison walls. *State v. Cornwell*, 190 Wn.2d 296, 301, 412 P.3d 1265 (2018).

In the context of a community custody violation, our Supreme Court held in *Cornwell* that article I, section 7 of the Washington Constitution requires a nexus between the property searched and the suspected probation violation. *Id*. at 297. In addition, the court observed that "a CCO must have 'reasonable cause to believe' a probation violation has occurred before conducting a search at the expense of the individual's privacy."[4] *Id*. at 304 (quoting RCW 9.94A.631(1)). And any search must diminish an individual's privacy interest only "to the extent necessary for the State to monitor compliance with the particular probation condition that gave rise to the search." *Id*.

Here, the community custody condition is overly broad because none of the safeguards set forth in *Cornwell* are included in the language of the condition. Instead, the condition gives community custody officers an unrestricted right to search Haas's person, residence, automobile,

---

[4] The condition of release at issue in *Cornwell* stated, "I am aware that I am subject to search and seizure of my person, residence, automobile, or other personal property if there is reasonable cause on the part of the Department of Corrections to believe that I have violated the conditions/requirements or instructions above." *Cornwell*, 190 Wn.2d at 298.

or other personal property. Therefore, we remand to the trial court to clarify DOC's authority to search Haas so it is consistent with the law. We otherwise affirm.

Che, J.

We concur:

Maxa, P.J.

Lee, J.